KILGORE *et al. v.* AKE COAL CO. *et al.*

(*Nashville,* December Term, 1944.)

Opinion filed February 3, 1945.

480

CARLYLE S. LITTLETON and WM. R. FERGUSON, both of Chattanooga, for appellants.

A. A. KELLY, of South Pittsburg, for appellees Ake Coal Co., et al.

MR. JUSTICE NEIL delivered the opinion of the Court.

Complainant Grace Kilgore filed her original bill in the Chancery Court of Marion County, on her own behalf and as next friend of her minor children, against the defendant Coal Company and also against S. L. Rogers, J. L. Raulston and wife, Agnes Raulston, Ed Ake, and Clint Ake, to recover compensation resulting from the death of her husband Clyde Kilgore, who was killed in

a mine that was being operated by the Ake Coal Company while an employee of said company.

The complainant sought a decree against said company in its corporate capacity and also against the above-named individuals as directors and stockholders of said company. The bill alleged that the corporation was insolvent, it being a "dummy corporation" and was insolvent and hence was unable to pay the amount of compensation due; that the said corporation had as many as ten people employed when deceased was killed and was liable under the Workmen's Compensation Law; that it had wilfully refused to comply with the compensation law of Tennessee and hence was engaged in an illegal operation, i. e., having violated Sections 6895 and 6896 of the Code; it is alleged that the individual stockholders and directors cannot invoke the shield of corporate entity to protect them from liability. It is further alleged that the liability of the corporation for the $4,950 adjudged against it is contractual (not sounding in tort) and that it is a debt due for which said corporation and also its stockholders are jointly and severally liable.

The individual defendants filed a plea to the bill, averring that they were not employers of the deceased and that the relation of master and servant did not exist; that the Ake Coal Company was a duly chartered corporation and that they, as stockholders, directors, and officers thereof, were not acting as individuals in managing the affairs of the said corporation.

The chancellor entered an order striking the foregoing plea on motion of complainant.

The Ake Coal Company filed an answer in which it expressly denied that it was "a dummy corporation" without any assets, but that it was legally organized under the laws of Tennessee, and further denied that

the paid-in capital stock had been dissipated. It denied that defendants Rogers, Ake, and J. L. Raulston furnished money to meet payrolls and other indebtedness; that it was at all times conducted as a "distinct legal entity." The answer admitted that it did not comply with the Workmen's Compensation Law relative to filing evidence of insurance, etc., but demanded "strict proof of its duty and obligation to do so." In paragraph 11 of the answer it is admitted it was bound by the provisions of the Workmen's Compensation Statute.

The individual defendants filed a separate answer in which it is alleged that they were acting solely in an official capacity as officers and directors of the Coal Company, and denied individual liability. The defendant S. L. Rogers averred he was not a stockholder at the time Clyde Kilgore was killed.

The cause was heard on stipulation and the oral testimony of J. L. Raulston, secretary and treasurer of the Company.

The chancellor filed a written opinion, which contains a finding of fact, and entered a decree against the Coal Company, but dismissed complainants' suit against the individual stockholders and directors.

An appeal was prayed and granted only from that portion of the decree adjudging said stockholders were not liable. No question is made as to the liability of the Coal Company. It did not appeal.

The case is here on the technical record. There is no bill of exceptions preserving the oral testimony. The chancellor found the following facts:

The oral proof consisted of the testimony of J. L. Raulston, secretary-treasurer of the company. The proof discloses that the corporation had funds and property to pay current accounts and indebtedness, but it did not

show present ability to pay an award of some $4,800 in a lump sum or to pay the deferred partial payments as provided in a stipulation. He further found that the corporation is engaged in mining coal and that the proof shows it has a ready market for its output at a profit; that it has a lease of three or four years' duration on the property mined, but whether it has a value above royalties is not shown by the proof; that "according to the proof" it has certain equipment and stock of the value of about $1,500 to $1,800 above all encumbrances. He further found that there had been no dividends declared or paid and none of the stockholders or directors have drawn any money out of the corporation except salaries to J. L. Raulston, secretary and treasurer, and Ed Ake, superintendent of mines, and Clint Ake, tipple foreman, which sums seem very reasonable, amounting in the aggregate to about $100 per month. "The Court is inclined to the opinion that said corporation can pay a weekly wage of $11.75, but that it does not have on hand sufficient funds to pay past due installments and the burial bill provided in said stipulation. However, it was thought by the witness that it can arrange the payment by securing advancements on coal mined and to be mined; however, as to the present financial showing, said Ake Coal Company is insolvent insofar as having cash or assets to discharge a judgment of $4,800.00 in a lump sum, or to cover past due installments." The court further found that $2,000 and certificates of stock had been issued by the corporation and paid for partly in cash and partly in property necessary for the operation of the mine. It was further found that upon organization of the corporation, S. L. Rogers was made president, J. L. Raulston secretary-treasurer, Ed Ake manager, etc.; that prior to the death of Clyde Kil-

gore, S. L. Rogers had sold his stock in the corporation to J. L. Raulston, but according to the minutes of the corporation he remained and served as president until after the death of Kilgore. Since Kilgore's death J. L. Raulston and Agnes Raulston have sold their stock to Ake. The Court further found as a fact that the company did not procure and carry liability insurance, nor furnish to the Division of Workmen's Compensation proof of its financial ability to pay claims, nor did it post security or indemnity as provided by Code, section 6895. He further found the following: "It appears from the proof that the corporation operated and advertised its operation under the corporation name and that it posted written notices at and near the mine that it was not operating under the Workmen's Compensation Law, and, according to the proof, the employees knew, or should have known, that it was not operating under the Workmen's Compensation Law since there were written notices kept posted on the tipple at the mouth of the mine and other places near the mine easily to be seen and observed. The corporation, however, had settled two or three minor accidents under the compensation act. It is not shown by the proof that the directors knew of the dangerous character of the mine, nor is it shown that the mine was in fact dangerous. It is not shown that the directors or stockholders, except the Superintendent of Mines, knew of the deceased or assented thereto."

We have thus stated in substance the finding of fact by the chancellor. There are certain exhibits found in the record which do not bear the signature of the trial court. They consist largely of a copy of the charter and certain statements relating to the company's business, its financial condition, the issuance of stock, etc. Clearly these were a part of the testimony of S. L.

Rogers. Counsel for the defendant moves this Court to strike these exhibits since they are not a part of the technical record. We think the motion is well taken and it is so ordered.

Complainants' counsel have filed the following assignments of error, of which the substance only can be stated: (1) The trial court erred in overruling the motion for a new trial by appellants, in dismissing the bill insofar as it seeks to hold J. L. Raulston, S. L. Rogers, Agnes Raulston, Clint Ake, and Ed Ake, and all of them, individually liable, because it is averred each and all of them were through the vehicle or agency of the corporation engaged in an illegal and unlawful enterprise, to-wit, mining operations and the employment of men incident thereto without first having complied with Code, sections 6895 and 6896. (2) It is urged that the liability of the corporation for the $4,950 adjudged against it under the Workmen's Compensation Act was contractual and grew out of a contract, conclusively presumed by the acceptance of the act between the deceased employee and the corporation under the terms of which the corporation agreed to pay the employee the sum set out in the act, recovery for which was decreed against the corporation. (3) It is urged that the trial court erred in failing to hold these defendant stockholders liable and that the suit was premature as to them. We think assignment Number 3 is argumentative of the main issue now before us touching the individual liability of the stockholders. It is urged that the amount of the debt is $3,950 in excess of the $2,000 capital stock paid in and that they should be liable for this amount. (4) The trial court erred in holding that the suit is for an unliquidated claim for death arising or resulting from injuries which the directors could not foresee or assent to; in that, the claim

sounds in contract, not in tort, and is a debt of the corporation within the provisions of Section 3876 of the Code for which the stockholders are liable individually, and the directors for the excess over the capital stock paid in, the corporation being insolvent within the meaning of the law.

Section 3876 of the Code provides:

"Liability of directors for excessive debts, and of stockholders to employees.—If the indebtedness of said company shall at any time exceed the capital stock paid in, the directors assenting thereto shall be individually liable to the creditors for said excess. The stockholders are jointly and severally liable individualy at all time for all moneys due and owing to the laborers, servants, clerks, and operatives of the company, in case the corporation becomes insolvent."

■ There can be no doubt but that the corporation is liable to pay compensation in the instant case. While it had posted notices that it elected not to operate under the compensation statute, it failed to give written notice to his effect to the proper department, as required by Code, section 6854.

Apart from the oral testimony (which is not in the record), and considering only the stipulation, can we say that the directors and stockholders are liable to pay compensation as a matter of law? Admissions made in the answer cannot be considered as evidence. The cause was not tried on bill and answer. Moreover, we cannot consider any finding of fact by the chancellor that was based even in part on oral testimony.

■ That the compensation act is elective is not open to question. *Scott* v. *Nashville Bridge Co.*, 143 Tenn. 86, 223 S. W. 844. We have also held that the rights of the parties under the act are contractual. The

complainant predicates her entire case upon Code, section 3876, and insists that the amount of the compensation due is a debt owing a deceased laborer and hence the directors and stockholders are jointly and severally liable therefor. The statute here invoked is in derogation of the common law and must be strictly construed. *Tradesman Publishing Co.* v. *Car Wheel Co.,* 95 Tenn. 634, 32 S. W. 1097, 31 L. R. A. 593, 49 Am. St. Rep. 943. The statute was construed by this Court in *Allison* v. *Coal Co.,* 87 Tenn. 60, 9 S. W. 226, opinion by Mr. Justice Lurton, in which it was held that liability of stockholders and directors attaches when they assent to the creation of a specific debt that is in excess of the capital stock paid in. ''Assent,'' according to Webster, means to ''give adherence to a proposition.'' We think assent necessarily involves an affirmative act.

A careful reading of *Allison* v. *Coal Co., supra,* shows that the Court rested its opinion upon the positive act of the directors as shown by the minutes of the corporation. The debt in excess of the amount of the capital stock was positively and affirmatively authorized. Clearly, it affected the rights of all creditors of the corporation.

In the case now before us there was no affirmative act of the stockholders creating a specific debt. The obligation to pay compensation arose as the result of an unforeseen accident. The primary liability of the Coal Company is predicated alone upon the failure or neglect of the management to perform a ministerial duty, i. e., to give notice that it would not operate under the statute.

While the obligation to pay compensation is in effect a quasi-contract, it results not from a meeting of the minds of the parties but is one imposed by law. It could not possibly fall within the classification of contracts

that result from an affirmative act of the parties creating a specific debt. We are confident that it was never contemplated by the legislature that individual stockholders should be held liable to pay compensation because of the mere neglect by corporate officers to perform a ministerial act. Moreover, the compensation act expressly provides (Code, section 6896) that "if any such employer refuses or willfully neglects to comply with these provisions, he shall be punished by a fine of not less than ten dollars nor more than one hundred dollars," etc. This section further provides that the injured employee may sue to recover compensation or he may at his election sue for damages, in which case the employer "shall not be allowed to set up as a defense to the action that the employee was guilty of contributory negligence, or that the injury was occasioned by the negligence of a fellow servant of the employee or that the employee had assumed the risk of the injury."

Section 11583.2 (Acts 1933, chap. 71, Sec. 2) gives the grand jury inquistorial power over violations of this act. We have been cited to no case, and we do not believe any can be found, where the courts have read into the compensation statute any other penalty than the ones above expressly prescribed. The act is a broad, comprehensive statute in which full protection is given all workmen. It is always liberally construed in favor of the employee. Had the legislature so desired, it could have provided for liability of stockholders and directors to injured employees under certain circumstances. This it failed to do and we are not justified in construing Code, section 3876, as if it were a part of the compensation statute and thus create an additional liability not found in the said act.

The decree of the Chancellor is affirmed.