HELEN LEE HAWTHORNE and CHARLES M. BUSH, Appellants, v. MAX LANKES, NANCY LEE LANKES and TIMOTHY LANKES b/n/f, Appellees. —430 S.W.(2d) 803.

Middle Section. February 23, 1968.

Certiorari Denied by Supreme Court August 19, 1968.

398

Glasgow, Adams & Taylor, Nashville, for appellants.

Warfield, Entrekin & Jones, Nashville, for appellees.

TODD, J. In three separate cases, Charles M. Bush and Helen Lee Hawthorne, defendants, have appealed in error from verdicts and judgments in favor of the respective plaintiffs, Max L. Lankes, Nancy Lankes, and Timothy Lankes.

All three suits arise out of an automobile collision wherein Nancy and Timothy Lankes were injured and Max Thomas Lankes lost his life.

Max Lankes (the father) sued (1) for wrongful death of his son, Max Thomas, (2) for medical expenses and for loss of services of his wife, Nancy Lankes and his son Timothy Lankes and (3) for property damage to his automobile.

Nancy Lee Lankes and Timothy Lankes each sued for their respective pain, suffering and disability.

Defendant Bush was the owner and defendant Hawthorne was the operator of the vehicle which collided with the vehicle occupied by Mrs. Lankes, Timothy Lankes, Max Thomas Lankes, and others.

Mr. Lankes, before leaving the country for service in Viet Nam, had executed and delivered to Mrs. Lankes a "power of attorney" in regard to his automobile, and otherwise authorized her to use it as she saw fit, including permission to allow her brother to drive it.

On the occasion of the collision in question, Mrs. Lankes, her three children, her sister, her brother and his fiancee were returning home from a pleasure trip. Mrs. Lankes' brother, Bobby Patton, was driving; his fiancee sat on his right; and to her right, on the front seat, sat Mrs. Lankes. The others occupied the two rear seats of the "station wagon" automobile. Mrs. Lankes

had turned the operation of the car over to Patton; but, by her testimony, she was riding in the right front seat, had the right to tell him what to do and what not to do in driving, and felt free to do so.

In these circumstances, the Lankes vehicle proceeded westwardly on Lebanon Road, a U.S. Highway, to its intersection with Medaris Drive. While negotiating a left hand turn from Lebanon Road into Medaris Drive, the Lankes vehicle was struck by defendant's vehicle which was east-bound on Lebanon Road.

The assignments of error are ten in number, but present a smaller number of determinative issues.

██ The first assignment of error complains of the refusal of the trial court to direct verdicts for the defendants on the ground of proximate negligence, either sole or contributory, on the part of Patton, the driver of the Lankes vehicle. We agree with this ruling of the trial judge. Where a left turn is being made, the respective duties of the affected motorists are set out in sections 59-823, 829, 842, 843, 844, T.C.A. Under the testimony in this record, the questions of negligence of the respective drivers and proximate cause were issues of fact to be decided by the jury under proper instructions from the Court. We are urged by defendants to consider various physical features of the terrain and distances, to the disregard of contrary testimony of witnesses, which neither we nor the trial judge are authorized to do. In this particular type of accident, the duties of the parties and the timing and nature of their actions present issues which are peculiarly for the jury. Whether the defendants' vehicle was "so close thereto as to constitute an immediate hazard", or whether the facts were such that

"all other vehicles approaching the intersection from said opposite direction" should "yield the right-of-way to the vehicle making the left turn", as set out in Sec. 58-829, T.C.A., could not possibly be determined by the court as a matter of law where each driver claimed innocence of fault and the testimony of the various witnesses would warrant various conclusions by the jury.

In the case of Yellow Bus Line v. Brenner, 31 Tenn. App. 209, 213 S.W.2d 626 (1948) there was an intersection accident involving other, but similar, statutory and common law duties of the participants. In rejecting defendant's insistence upon a directed verdict, the court said:

"It was for the jury to say whether the plaintiff entered the intersection prudently and whether the bus should have yielded the right of way to one already in the intersection, or if they arrived there at the same time, whether the bus exercised due care in an effort to yield to the vehicle on the right. * * *

\* \* \* \* \* \*

We do not, therefore, see the supposed application of the physical facts rule * * *." (31 Tenn.App. at 218, 213 S.W.2d at 630)

The first assignment of error is respectfully overruled.

■ The seventh assignment of error complains of the refusal of the trial court to charge section 59-842 T.C.A., which relates generally to the duties of a motorist making any turn on a highway. The substance of this statute is largely contained in sections 59-823 and 59-829 T.C.A. which were charged by the court. There is an additional requirement in Sec. 59-842 that a turning vehicle be "in proper position upon the roadway as required by Sec.

59-840'', but there was neither request for charge of Sec. 59-840, nor evidence of improper position of plaintiff's vehicle before starting its turn. The omission of Sec. 59-842, was therefore not reversible error. The seventh assignment of error is respectively overruled.

■ The last, or 10th assignment of error complains of the refusal of the Court to submit special issues of fact to the jury as requested. A verdict upon the special issues would have been helpful in the consideration of the case, and, if consistent with the verdict of the jury and the applicable law, could well have resulted in the approval of all verdicts and affirmance of all the judgments, however the submission of special issues is discretionary with the trial judge.

20-1316. *Special verdicts*—The trial judge, in his discretion, especially where the questions for solution are several or involved, may direct and supervise the formulation of special issue or issues of fact for submission to and answer by the jury. The response or responses of the jury shall have the force of other verdicts at law. [Code 1932, sec. 10346.] sec. 20-1316 T.C.A.

■ As stated in Shell Oil Co. v. Blanks, 46 Tenn.App. 539, 330 S.W.2d 569 (1959), there is no abuse of discretion in refusal to submit special issues to the jury where the issues were neither numerous nor involved.

Defendants' tenth assignment of error is respectfully overruled.

The remaining assignments of error, numbered two through six, eight and nine, present two questions of law. They are:

1. Where the uncontradicted evidence shows that a vehicle is in the custody and control of owner's wife who is present in the vehicle with right of control over the driver whom she has selected, is the negligence of the driver imputable to the wife as a matter of law, or is the imputability of negligence a question of fact for the jury?

2. In the same circumstances, is the negligence of the driver imputable to the absent owner, under the family purpose doctrine.

In approaching each of the foregoing questions, it must be recognized that the same fundamental rules of agency are involved, whether the question is (a) liability of the principal for the acts of the agent or (b) contributory negligence of the agent imputable to the principal. There are some authorities upon the latter subject, but many more on the former, and such authorities should apply equally to cases where the principal is sued for the negligent act of the agent, and to cases where the principal sues and the defense is contributory negligence of the agent.

"Ordinarily the plaintiff's action for his damages will not be barred by the negligence of any third person who may have contributed to them. He may treat the defendant and the stranger as joint tort feasors, so far as each is a legal cause of the harm, and recover from either. But if the plaintiff and the third person stand in such a relation to one another—as for example that of master and servant—that the plaintiff will be charged with that person's negligence as a defendant, it will ordinarily follow that he will likewise be charged with it as a plaintiff. Normally the responsibility is applied

'both ways.' * * *'' Prosser's Law of Torts, 3rd Ed., Sec. 73, p. 501.

"The question of the application of the family car doctrine to impute contributory negligence of the driver to the owner when he is suing for damage to the car or to his own person seldom has arisen. Logically, if there is an agency it should apply both ways and it has been so held." Ibid.—Sec. 73, p. 499.

See also 65A C.J.S. Negligence sec. 157, p. 195; Sec. 161, p. 206; 38 Am.Jur. Negligence Sec. 235, p. 921; Amer. Law.Inst. Restatement of Torts, Vol. 2, Sec. 485, p. 1267.

 It is well settled that the owner of a car, riding in it, the driver being under his control, cannot recover damages from a third person on account of an accident when the owner's driver is guilty of proximate contributory negligence. Southern Ry. Co. v. Butts, 214 Tenn. 328, 379 S.W.2d 794, (1964).

Our Supreme Court has also held that the owner of a vehicle is liable for its negligent operation by a third party if the agent of the owner is present and supervising the unauthorized driver. Potter v. Golden Rule Grocery Co., 169 Tenn. 240, 241, 84 S.W.2d 364 (1935).

In the case of Pikeville Fuel Co. v. Marsh, 34 Tenn. App. 82, 232 S.W.2d 789 (1948), a company-owned bus was transporting employees gratuitously. One employee was driving the bus, and his supervisor was riding therein when the bus overturned and the supervisor was injured. In setting aside a jury verdict, reversing, and dismissing, the court said:

"We are of the opinion that the record clearly demonstrates that the plaintiff had full authority and control

over the operation of the bus and over the driver, the defendant Holland, at and prior to the time of the accident. The trial judge, deeming the question a controverted issue of fact, presented it to the jury * * *. (34 Tenn.App. at 93, 232 S.W.2d at 793)

* * * * * *

However, as aforestated, we are unable to find wherein the evidence is in dispute on the issue submitted. The plaintiff admitted that he had control over the bus and the operation thereof by the defendant Holland. (34 Tenn.App. at 94, 232 S.W.2d at 794.)

* * * It must be conceded that one having control over the operation of a motor vehicle is equally liable with the driver for injuries negligently inflicted upon a third party. Blashfield's Encyclopedia of Automobile Law, Perm.Ed., Vol. 5'' (34 Tenn.App. at 95, 232 S.W.2d at 795.)

Although other reasons are also cited in support of the Pikeville decision, the foregoing pronouncements are unequivocal and constitute at least one ground upon which the case was dismissed.

In the case of Wilson v. Mullen, 11 Tenn.App. 319 (1930), the defendant, Elizabeth Dake Wilson, 19 years of age, was furnished an automobile by her father for her own use. She allowed a friend, James Cates, to drive the car, and she accompanied him. An accident occurred and the owner and occupant of the other vehicle sued the driver, Cates, the custodian, Miss Wilson, and the owner, her father. In approving a verdict against all three, the court said:

"It thus appears, without dispute, that the Stutz car was being used, at the time of the collision, with the

authority of the owner, the defendant R. Morris Wilson, and in the precise business for which he had bought it and for which he was at that time keeping and furnishing it. His liability, therefore, seems clear. (11 Tenn. App. at 336)

\* \* \* \* \* \*

Defendant Elizabeth Dake Wilson was not driving the Stutz car, but she was seated beside the driver, who was driving with her permission and was subject to her control. 11 Tenn.App. at 337.

We are of the opinion that the court did not err in charging the jury that 'if you find in favor of the plaintiffs, it will be your duty to find against all three defendants.' " 11 Tenn.App. at 338.

Wilson v. Mullen has been cited with approval in Wilson v. Moudy, 22 Tenn.App. 356, 123 S.W.2d 828 (1938) and Pikeville v. Marsh, supra, and we consider it to be controlling in the present case in respect to the imputability of negligence of Mr. Patton to Mrs. Lankes, the occupant, and Mr. Lankes, the owner.

■ Under the undisputed evidence in this case, the negligence, if any, of the driver, Patton, was imputable to Mrs. Lankes and Mr. Lankes as a matter of law.

■ Contributory negligence of either parent will defeat a recovery for the wrongful death of their minor child. Smith v. Henson, 214 Tenn. 541, 381 S.W.2d 892 (1964); Nichols v. Nashville Housing Authority, 187 Tenn. 683, 216 S.W.2d 694 (1949).

■ On the other hand, contributory negligence of a parent will not defeat the action of a surviving child for injuries. McCullough v. Johnson Freight Lines, 202

Tenn. 596, 308 S.W.2d 387 (1957). A review of the record fails to reveal any evidence upon which the jury would have been justified in finding the plaintiff, Timothy Lankes, aged six, guilty of any contributory negligence, either active or imputed. The failure of the trial court to properly charge imputability of negligence could not have possibly entered into the verdict in his case. Under the authority of Section 27-117 T.C.A., the verdict and judgment in the case of Timothy Lankes will be affirmed.

In the cases of Max Lankes and Nancy Lankes, we hold that under the record before us the defendants were entitled to an instruction to the jury that any negligence of the driver, Patton, was imputable to the plaintiffs, Nancy and Max Lankes, and that if Patton were guilty of negligence proximately causing or contributing to the injuries and damages sued for by plaintiffs Max and Nancy Lankes, then neither plaintiff could recover. The judgments wherein Max Lankes and Nancy Lankes are plaintiffs are therefore reversed and the cases remanded for a new trial with instructions to the jury consistent with this opinion and the evidence adduced during the new trial.

The costs of the consolidated appeals in these three cases are adjudged one third against the defendants, one third against the plaintiff, Max Lankes, and one third against the plaintiff, Nancy Lankes. The trial costs in each case will follow disposition of same.

Affirmed in part.

Reversed and remanded in part.

Shriver, P. J. and Puryear, J., concur.