Amos E. **MITCHELL** and Vaudie Mae Mitchell, as natural parents and next of kin of Susan Gail Mitchell, deceased, Plaintiffs/Appellees,

v.

Gail M. **JENNINGS,** Jessie R. Currin, and Denny's Restaurants, Inc., Defendants/Appellants.

James **GILBOY,** Plaintiff/Appellee,

v.

Gail M. **JENNINGS,** Jessie R. Currin, and Denny's Restaurants, Inc., Defendants/Appellants.

Court of Appeals of Tennessee, Western Section, at Jackson.

March 24, 1992.

Application for Permission to Appeal Denied by Supreme Court June 15, 1992.

Gary K. Smith and William D. Domico, Memphis, for defendants/appellants Currin and Denny's Restaurants, Inc.

J. Cecil McWhirter, Walsh, McWhirter & Wyatt, Memphis, for defendant/appellee Jennings.

John A. Day, Boult, Cummings, Conners & Berry, Nashville, Wayne F. Hairrell, Lawrenceburg, for plaintiffs/appellees Mitchell.

Jill Graves Clyburn, Memphis, for plaintiff/appellee Gilboy.

TOMLIN, Presiding Judge (Western Section).

This litigation arose from an automobile accident that occurred on the evening of October 23, 1988. Susan Gail Mitchell, deceased, and James Gilboy were riding as passengers in a vehicle operated by Gail M. Jennings, defendant. The Jennings vehicle was proceeding in a westerly direction on Brooks Road when it was struck at the intersection of Brooks Road and Airways Boulevard in Memphis by a vehicle driven by defendant Jessie R. Currin. At the time of the accident, Currin was acting within the scope of his employment for Denny's Restaurants, Inc. ("Denny's"). Mr. and Mrs. Amos E. Mitchell brought suit as parents and next of kin of Susan. Gilboy also filed suit. Both complaints which were consolidated for trial alleged that both defendants Jennings and Currin were negligent in the operation of their respective vehicles, and that the negligence of both defendants concurred as a proximate cause of the injuries and subsequent death of Susan Mitchell and injuries and damages of Gilboy.

Following a jury trial, a verdict was returned in favor of the Mitchells and against defendants Jennings, Currin and Denny's, jointly and severally, in the amount of $493,000. The jury also returned a verdict in favor of plaintiff Gilboy against all defendants, jointly and severally, in the amount of $30,000. Defendants Currin and Denny's filed a motion for a new trial alleging three errors that occurred at trial. Following a hearing, the motion was denied, resulting in this appeal. No notice of appeal was filed by Jennings. Defendants have presented three issues on appeal—whether the trial court committed reversible error (1) in denying the request of the defendants Currin and Denny's to submit special interrogatories upon issues of fact to the jury; (2) in denying the request of defendants Currin and Denny's for a special jury instruction pertaining to the effects of certain admissions allegedly made during trial by defendant Jennings; and (3) in denying the motion of defendants Denny's and Currin for a mistrial and subsequently for a new trial based on the alleged misconduct of trial counsel for defendant Jennings during cross-examination of defendant Currin. We find each of these issues to be without merit and affirm.

On appeal, defendants Currin and Denny's have not raised an issue as to either the amount of the verdicts or whether there was any material evidence to support the verdicts. The issues presented deal solely with matters that developed during the course of the trial proceedings. That being the case, we will treat these two matters as moot and limit our consideration

and recite for the benefit of this opinion only the pertinent facts as they relate to each of the issues presented.

## I. THE SPECIAL INTERROGATORIES ISSUE

Defendants Currin and Denny's contended initially that the trial court erred in denying their request that the court submit certain written interrogatories upon specific issues of fact to the jury, along with general verdict forms. In support of their position, Currin and Denny's contended that the thrust of plaintiffs' case was that one of the two defendant drivers was negligent in proceeding through the intersection on a red light, and the other was negligent in failing to keep a proper lookout ahead. They further asserted that they could not adequately evaluate the basis of liability if only a general verdict was returned against these defendants. At the request of the court, defendants Currin and Denny's submitted jury interrogatories, which, after a due hearing, were rejected by the trial court. The court stated it was not convinced that this case would require a special interrogatory verdict, but rather that a general verdict would be sufficient.

■ Rule 49.02 T.R.C.P. provides in pertinent part as follows: "The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict...." By the clear language of Rule 49.02 itself, the action of the court in this regard is discretionary. See *Petty v. Estate of Nichols*, 569 S.W.2d 840, 847 (Tenn.App.1977). Furthermore, there is no abuse of discretion on the part of the trial court in refusing to submit special issues to the jury where the issues are neither numerous nor involved. *Hawthorne v. Lankes*, 430 S.W.2d 803, 805 (Tenn.App. 1968); *Shell Oil Co. v. Blanks*, 330 S.W.2d 569, 573 (Tenn.App.1959).

■ In applying these principles in the case under consideration, we note that the issues in this case were neither numerous nor complex. In substance, we are considering a wrongful death claim and a personal injury claim on behalf of two passengers in a vehicle against two defendants, both of whom claimed to have entered the intersection in question under a green light. The issue presented to the jury was whether either or both of the negligent drivers were negligent, and if both were negligent, whether that negligence concurred as a proximate cause of the injuries and damages. Under the circumstances, we cannot say that the trial court abused its discretion in not submitting the interrogatories to the jury.

We are also of the opinion that there is yet another reason why the trial court did not abuse its discretion in declining to submit the interrogatories proposed by defendants Currin and Denny's. The record reflects that these defendants submitted two sets of interrogatories—one for defendant Jennings and another for defendant Currin. Interrogatories as to both defendants characterized the alleged negligence of that particular defendant as *the* direct and proximate cause of the accident and resulting injuries and damages. Inasmuch as the gravamen of the suit against these two defendants is their alleged concurrent negligence, the jury need only find the negligence of one of the defendants to be *a* proximate cause of the accident, not *the* proximate cause. Accordingly, we hold that this issue is without merit.

## II. THE JURY INSTRUCTION ISSUE

■ During the course of the trial, counsel for Currin and Denny's submitted a special request on the question of an admission as follows: "Admission by a party is conclusive and binding upon that party unless there's credible evidence which would negative the fact admitted by the party." The trial court denied the request.

The proposed special request was offered concerning certain alleged admissions made by co-defendant Jennings in statements given to diverse persons prior to trial. Counsel for Jennings took issue on the inclusion of the word "conclusive" in the special request. At that time, counsel for plaintiffs took the position that the charge was unnecessary in that it would be cover-

ed under the proposed general charge to be given by the court. The court deferred action on the proposed charge until all counsel could work on it further.

In subsequent discussions between the court and all counsel outside the presence of the jury, counsel for defendant Jennings again voiced his opposition to the special request offered by counsel for Currin and Denny's. However, counsel for Jennings stated to the court that if the court concluded that it would give a charge of that type, it was suggested that the court give a proposed charge based upon a New York Pattern Jury Instruction, a fill-in-the-blanks form. This pattern instruction form was given to the court for its consideration without the appropriate language being supplied for the various blanks that needed to be filled in. Counsel for defendant Jennings proceeded to suggest that if the court was inclined to give such a charge, it use certain language based upon the New York Pattern Instruction, which counsel spelled out for the court.

At that time, counsel for Currin and Denny's restated his support for the special request set forth above. He further commented to the effect that the alternative instruction suggested by Jennings' counsel in essence called for the court to comment upon the evidence. At that time counsel for Currin and Denny's stated that he had neither a case nor a pattern instruction to support the special request offered by him. Thereupon, Currin and Denny's counsel agreed to accept the New York Pattern Instruction, but only if it was given in its entirety.

At this juncture, counsel for both plaintiffs agreed that if both defense counsel were in agreement as to the New York charge, they would have no objection, whereupon counsel for Jennings voiced no objection to the giving of the New York Jury Pattern Instruction if the court would also apply it to a statement which counsel concluded to be an admission by Currin. Counsel for Currin would not agree to the characterization of Currin's statement as an admission.

Following further discussion by both defense counsel and the court, wherein it clearly appeared that there was no meeting of the minds of defense counsel for all defendants, the court stated, "Gentlemen, I will solve it this way. I'm not going to give any charge." ... "I think it's a comment on the evidence."

In their motion for a new trial as to this issue, defendants Currin and Denny's stated:

The denial, by the trial Court, of the request of the Defendant, Jessie R. Currin and Denny's Restaurants, Inc., for an instruction on the effect of the admissions made by the Co–Defendant, Gail M. Jennings, as being conclusive and binding absent negativing proof to the contrary was highly prejudicial and not in full accord with Tennessee Case Law.

As can be clearly seen from the above, the only issue submitted to the trial court was its alleged failure to give the special request on admissions actually submitted by defendants Currin and Denny's. It made no mention of any alleged failure of the trial court to give all or any part of the New York Pattern Jury Instruction proposed at one time and then withdrawn by counsel for defendant Jennings. We are of the opinion that this sub-issue is not properly before this Court. Rule 3(e) T.R.A.P. provides in part as follows:

Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

As stated above, defendants Currin and Denny's did not include in their motion for a new trial any assertion that they were entitled to a new trial because the trial court refused or declined to give all or any part of the New York Pattern Jury Instruction. A comparison of the language in the

third numerical paragraph of their motion with the special request submitted by defendants Currin and Denny's clearly indicates that it was this specific instruction that they had in mind.

As to this proposed instruction on admissions, we are of the opinion that the proposed charge is not a correct statement of Tennessee law. Such admissions are admitted into evidence by way of a hearsay exception embodied in Rule 803(1.2) T.R.E. This rule provides in pertinent part that "Statements admissible under this exception are not conclusive." In addition, the Advisory Commission states:

> Unless made conclusive by statute or another court rule, such as T.R.C.P. 36.02 on requests for admission, all party admissions are simply evidentiary, not binding, and are subject to being explained away by contradicting proof.

A trial judge will not be put in error for refusal to give the jury an instruction specifically requested unless such request is accurate and sound. *National Life & Accident Insurance Co. v. American Trust Co.*, 68 S.W.2d 971, 986 (Tenn.App.1933). *See also Morton v. Martin Aviation Corp.*, 325 S.W.2d 524, 530 (Tenn.1959).

The record reflects that early on the court instructed the jury in pertinent part as follows:

> Ladies and gentlemen, as the sole judges of the facts in this case, y'all must determine which of the witness' testimony you will accept, what weight you will attach to it and what inferences you'll draw from it.

Toward the end of his jury instructions, the trial court further instructed the jury:

> Ladies and gentlemen, if there is any conflict in the evidence in this case, it is your duty to reconcile that conflict, if you can, for the law presumes that every witness has attempted to testify to, and has testified to, the truth, but if you should find a conflict in the evidence in this case and you are unable to reconcile that conflict in accordance with these instructions, then it is with you, absolutely, to determine which ones of the witnesses you believe have testified to the truth and which ones you believe have testified to a falsehood.

> Ladies and gentlemen, immaterial discrepancies do not affect the witness' testimony, but material discrepancies do. The Court charges you that the preponderance or the greater weight of the evidence in a case is not alone determined by the number of witnesses testifying to a fact or to a particular set of facts, but rather on the weight, credit, and value of the aggregate evidence on either side, and of this, you, the jury, must be the exclusive judge.

> . . . .

> Ladies and gentlemen, again, you are the judges of the facts concerning the controversy in this case, and in order for you to determine what the true facts are, you'll be called upon to weigh the evidence of every one of the witnesses who have been called to testify before you, or whose deposition has been read to you, giving to that evidence the weight, faith, credit, and value that you think it is entitled to. You'll note the manner and demeanor of the witness on the witness stand; whether the witness impresses you as a witness who is telling the truth or telling a falsehood; whether the witness is a frank witness or one who is not frank in giving their answers.

> Consider the reasonableness or the unreasonableness of the testimony of the witnesses, the opportunity or lack of opportunity that the witness had to know the facts about which he or she has testified, the intelligence or lack of intelligence of the witness, the relationship of the witness to either one of the parties litigant, if any, and the interest of the witness in the results of this trial, if any.

> Ladies and gentlemen, these are the rules that should guide you, along with your common experience, your common observations, and your common judgment in weighing the evidence that has been introduced before you in this trial. . . .

This Court is of the opinion that the general charge given by the court ade-

quately instructed the jury as to the law regarding their use of this evidence in question in reaching their verdict. The trial court is not required to give special instructions to a jury where their substance has adequately been covered in the general charge. *Mitchell v. Smith*, 779 S.W.2d 384, 390 (Tenn.App.1989). Accordingly, we hold this issue to be without merit.

## III. ALLEGED MISCONDUCT OF DEFENSE COUNSEL

■ Lastly, defendants Currin and Denny's contend that the trial court erred first, in failing to grant them a mistrial, and second, in failing to grant them a new trial on the grounds that counsel for co-defendant Jennings was guilty of misconduct during the course of the trial. The alleged misconduct is stated as follows:

> in revealing to the jury that Currin had previously given a recorded statement and then demanding the production of the statement in front of the jury, knowing that said statement was fully protected and privileged by both the attorney/client privilege and the work product protection produced in anticipation of litigation....

In support of this issue, counsel for Currin and Denny's contend that during the course of the trial, counsel for co-defendant Jennings, while cross-examining Currin, revealed to the jury that Currin previously had given a recorded statement, and proceeded to demand the production of this statement before the jury, well aware that the statement was fully protected and privileged by the work product protection as well as the attorney/client privilege.

This incident surfaced in the trial below in the following cross-examination of Currin by Jennings' counsel:

> Q Thank you. Mr. Currin—after this accident happened, did your employer, Shoney's take a statement from you such as Mr. Woods took?
> A Yes, they did.
> Q Have you seen that statement—
> A No.
> Q —since then?
> A No.

> Q Shoney's hadn't let you see your own statement?
> A I haven't seen it.
> Q Pardon me, Denny's. Thank you. You haven't seen it?
> A No.
> Q Have you asked to see it?
> A No.
> Q Would you like to see it?
> A No.
> Q Would you object to me seeing it?
> A No.
>     MR. McWHIRTER: Mr. Smith, may I see that statement?
>     MR. SMITH: No.

Following the above exchange, Jennings' counsel called upon the court to request Currin's counsel to permit him to see this statement. There followed an extensive discussion involving all counsel and the court at the bench, outside the hearing of the jury. At that time, counsel for Currin strongly contended that Jennings' counsel was well aware that this statement had been given by Currin and that it was protected by the work product privilege, and that Jennings' counsel knowingly blind-sided Currin and his counsel with his interrogation.

The record does not bear this out. The record reveals that early on, during the discovery process prior to trial, plaintiffs' counsel, while taking the discovery deposition of Currin, inquired of Currin whether he had given a statement to someone after the accident. Currin stated that he gave a statement over the telephone and he was advised it was being recorded by a representative of the company, but Currin did not know the identity or capacity of the representative. This dialogue further revealed that at no time was the statement characterized by anyone, particularly counsel for Currin, as being work product or being subject to such a privilege.

The transcript does not reveal that there was any prior knowledge imputable to counsel for Jennings that this sought-after statement was in fact subject to the work product privilege. This determination evolved from the bench-side conference

that followed Jennings' counsel's interrogation of Currin. The trial court held, and we agree, that it was permissible for counsel under the circumstances to seek this statement. It was stipulated in the bench-side conference that this statement was work product, and we agree that the trial court was correct in holding that the statement was inadmissible and not obtainable by counsel. That having transpired, the jury was then called back into the courtroom, where the court instructed them as follows:

> Ladies and gentlemen of the jury, Mr. McWhirter has made a request. The Court has considered that request and found that Mr. McWhirter is not entitled to the information that he has requested and you all are to disregard and not consider the request that he made.

> All right. Mr. Currin, come back up please. You're still under oath.

This Court has previously held that statements made by counsel can be cured by the use of curative instructions. *See Johnson v. Lawrence*, 720 S.W.2d 50, 60 (Tenn.App. 1986). Unless there is proof to the contrary, we must assume that the jury followed the court's instruction. *Id.*

Defendants Currin and Denny's complain of a second incident as a sub-issue; however, in the opinion of this Court the matter does not fall within the scope of the issue presently under consideration. During the course of further examination of Currin by his counsel with regard specifically to Currin and his visiting the scene of the accident, while photographs were being passed to the jury, counsel for Jennings observed in open court that the nature of the examination of Currin by his counsel may have constituted a waiver of the attorney/client communication privilege, which waiver he might wish to rely upon in the future. Counsel for Currin made no objection to this remark, nor did he request any type of curative instruction. For the reasons above stated, we find this issue without merit as well.

Accordingly, the judgment of the trial court is affirmed in all respects. Costs in this cause on appeal are taxed to defen-dants Currin and Denny's, for which execution may issue if necessary.

CRAWFORD and FARMER, JJ., concur.