Raymond Abel CALDERON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6055.

United States Court of Appeals
Tenth Circuit.

July 30, 1959.

V. G. Seavy, Jr., Denver, Colo., for appellant.

James C. Perrill, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

Raymond Abel Calderon was convicted in the United States Court for Colorado of transporting and concealing marihuana. From a sentence of imprisonment for a period of three years, he appealed.

■ Error is predicated upon the action of the court in declining to sustain challenges for cause directed at certain members of the jury panel and also upon the action of the court in declining to discharge the entire jury panel then attending the trial. It was disclosed in the course of the voir dire examination of the twelve members of the panel first called into the jury box that during the preceding week a number of such prospective jurors had served as jurors in one or more of three criminal cases tried in the same court. A challenge for cause was directed at each of such jurors upon the ground of such previous service. The individual challenges were denied. Subsequent to the third peremptory challenge, a motion was made to discharge the entire jury panel and set the trial over to a new jury session for the rea-

son that of the remaining twenty members of the panel who had not then been called into the box, ten had served as jurors in one or more of the criminal cases tried during the preceding week, and that therefore appellant could not exercise intelligently his remaining peremptory challenges. The motion was denied. It is provided by statute, 28 U.C. C. § 1869, that "In any district court, a petit juror may be challenged on the ground that he has been summoned and attended such court as a petit juror at any term held within one year prior to the challenge." Appellant seeks to maintain the position that the statute authorizes a challenge for cause of a juror who has sat as such in a previous trial in the current term of court in which the challenge is asserted. We are unable to share that view. In speaking of the term of court and of the service as a juror, the statute speaks in the past tense. It fails to contain any language couched in the present tense which fairly construed indicates a congressional purpose to include as a ground of challenge for cause service as a juror in one or more cases previously tried during the then current term of court in which the challenge is asserted. The single ground of challenge created by the statute is service as a petit juror at a previous term held within one year prior to the challenge.

■ Further asserted error is predicated upon the admission in evidence of a written notice and demand to produce an official order form covering the transfer of marihuana. With certain exceptions not having any material bearing here, section 2591(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 2591(a), provides that it shall be unlawful for any person, whether or not required to pay a special tax and register under sections 3230 and 3231, 26 U.S. C.A. §§ 3230, 3231, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary of the Treasury. And section

2593, 26 U.S.C.A. § 2593, provides that it shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590(a), 26 U.S.C.A. § 2590(a), to acquire or otherwise obtain any marihuana without having paid such tax; and that proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector, to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under the section. Section 4742 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4742, provides that it shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, 26 U.S.C.A. §§ 4751–4753, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate. And section 4744, 26 U.S.C.A. § 4744, provides that it shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a), 26 U.S.C.A. § 4741(a), to acquire or otherwise obtain any marihuana without having paid such tax; and that proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under the section. On a specified date after the Revenue Act of 1954 became effective, an agent of the Bureau of Narcotics, Treasury Department, prepared and signed the notice and demand. It was addressed to appellant and a copy was handed to him. The document recited that it had been reported to the agent that appellant, on or about a specified date, at a specified place in Colorado, was found with a quantity of marihuana in his possession and control. It then provided that in pursuance of the provisions of section 2593 of the Internal Revenue Code, demand was made that within eight days from the service thereof upon appellant, he produce at the office of the agent in Denver, Colorado, a copy of the official order form, required by section 2591 of the Revenue Code, to be retained by him, under and by virtue of which such marihuana was transferred to and acquired by appellant. And it further stated that appellant was thereby notified that his failure to comply therewith within the period specified would render him liable for the transfer taxes imposed by section 2590 of the Revenue Code, and would establish presumptively that he acquired and obtained such marihuana unlawfully, without having paid taxes. It is argued that the notice was fatally defective, was of no effect whatever in creating a presumption of guilt, and therefore should not have been admitted in evidence, because it directed an act to be done in pursuance of a non-existent statute. It is obvious that through inadvertence the notice referred to pertinent sections in the Revenue Code of 1939 rather than those in the Code of 1954. Of course, the sections in the 1939 Code were ineffective as to the possession of the marihuana referred to in the information. But such inadvertence did not render the notice and demand fatally defective. It was sufficient to inform appellant that he was directed to produce and furnish to the agent at a specified place and within a specified time the official order form covering the transfer of the marihuana reported to have been in the possession of appellant at a certain place in Colorado. The error in referring to section numbers in the Revenue Code of 1939 rather than those in the Code of 1954 did not mislead appellant and did not render the notice fatally defective. Not being fatally defective, the notice was properly admitted in evidence and it sufficed to set in motion the presumption of guilt upon failure of appellant to produce the order form within the time specified in the notice.

■■ The action of the court in admitting in evidence a paper sack and

thirty grains of marihuana is challenged upon the ground of a variance between the charge laid in the information and the evidence referred to. It is the firmly established general rule to which this court is committed that an immaterial variance between the charge contained in the indictment or information and the evidence will be disregarded. Rathbun v. United States, 10 Cir., 236 F.2d 514, affirmed 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134. The information charged the transporting and concealing of approximately one-half pound of bulk marihuana. The evidence tended to show the transporting and concealing of thirty grains of marihuana. The difference or disparity between the two related to the quantity of marihuana. And that difference merely constituted an immaterial variance which did not prejudice appellant.

The action of the court in admitting in evidence certain currency and a written notation of the serial numbers thereon is drawn in question. On the morning of the day in question, an officer gave to an informer $50 in currency. At the time of giving the currency to the informer, the officer made a notation in writing of the serial numbers thereon. The informer and appellant were together on two occasions at remote places that night. While they were together on the second occasion, appellant discovered one or more officers. He ran, was overtaken, and was arrested. The currency was found nearby, and the circumstances indicated that appellant had thrown it away as a means of preventing its discovery in his possession. The facts and circumstances made out a typical case of marked money being given to an informer and later found in the possession of the accused. The currency and the notation of the serial numbers thereon were properly admitted in evidence.

Finally, it is urged that the instructions given to the jury were erroneous in certain respects. We think that the asserted errors are super technical and that no useful purpose would be served by discussing them seriatim. It is enough to say that, considered as a whole, the instructions covered fairly, adequately, and in an understanding manner the several issues in the case and sufficed to guide the jury in respect to the law governing the case.

The judgment is affirmed.