**OCEAN DRILLING & EXPLORATION COMPANY and Insurance Company of North America, Appellants,**

v.

**Warren J. RUSSELL, Appellee.**

**No. 25876.**

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1969.

**320**

George B. Matthews, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for appellants.

William P. Schuler, Asst. Atty. Gen., New Orleans, La., for appellee.

Before BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal is from a judgment on a $35,000 jury verdict in favor of Warren J. Russell, who at all relevant times was employed as a roughneck for the Ocean Drilling and Exploration Company (Odeco). The errors asserted on appeal relate to the trial court's charge, the amount of the verdict, and the composition of the jury. Having studied the briefs and record, we are of the opinion that the case is appropriate for summary disposition without oral argument.

Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1]

■ Plaintiff alleged in the court below that he sustained injuries to his back and wrist in June and again in August, 1961 while working on Odeco drilling barges. The jury found that neither barge was unseaworthy but that Odeco was negligent and that plaintiff was not negligent. Damages in connection with the first accident were assessed at $30,-000 and an additional $5,000 was awarded for future medical expenses. Appellants' first complaint is that the trial judge erred in charging the jury that they could consider mental pain and suffering in computing damages because there was no evidence to support an award for pain and suffering. However, we believe the jury could reasonably infer from the testimony that reduced physical capacity resulting from his back injury caused plaintiff mental anguish and humiliation. Moreover, the jury could infer mental anguish from plaintiff's testimony that after his accidents he and his family would have starved if it had not been for the charity of others.

In connection with the charge on mental pain and suffering, appellants point to a sentence which they say must have given the jury the impression that an award for pain and suffering was mandatory. However, from a reading of the entire charge, we are satisfied that the jury was clearly admonished to award only such damages as the evidence would support.

1. In order to establish a docket control procedure the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158 [January 2, 1969]. For cases heretofore placed on summary calendar, see Wittner v. United States of America, 5th Cir. 1969, 406 F.2d 1165 [January 23, 1969]; United States of America v. One

Olivetti Electric 10-Key Adding Machine, etc., 5th Cir. 1969, 406 F.2d 1167 [January 23, 1969]; United States of America v. One 6.5 mm. Mannlicher-Carcano Military Rifle, etc. and John J. King, 5th Cir. 1969, 406 F.2d 1170 [January 23, 1969]; National Labor Relations Board v. Great Atlantic & Pacific Tea Company, Inc., 5th Cir. 1969, 406 F.2d 1173 [January 28, 1969]; and Thompson v. Wingate White, Warden, 5th Cir. 1969, 406 F.2d 1176 [January 28, 1969].

■ The next specification of error relates to the portion of the charge in which the trial judge told the jury they could make an allowance for loss of future earnings. Again, appellants protest that there was no evidence to support such an award. We hold, however, that the jury could reasonably infer some loss of future earnings from the testimony that plaintiff had difficulty holding jobs after his accidents, that there was some doubt about his continuing ability to do the same kind of work, and that the operation to be performed on his back, a spinal fusion, might keep him out of commission for as long as a year.

■ With respect to the charge on future earnings, appellants also object to the court's reference to life or work expectancy tables. But no such tables were furnished to the jury and the trial judge specifically charged that loss of future earnings could not be determined by simply multiplying earnings per year times work life expectancy. There was no prejudice to appellants.

Next, it is contended that the interrogatories submitted to the jury were confusing because there was one interrogatory asking whether Odeco was negligent instead of two separate interrogatories inquiring as to Odeco's negligence with respect to each of the accidents. Any uncertainty we might have as to whether the jury found Odeco negligent on both occasions or just one is removed by answers to the subsequent interrogatories on causation. The jury found that Odeco's negligence had some causal connection with both the June and August accidents.

■ Turning to the amount of damages, appellants complain that there is no evidence to support the $5,000 award for future medical expenses. A doctor testified that plaintiff would have to spend six weeks in a hip-to-armpit cast prior to the spinal fusion and would be under postoperative treatment for a period of up to one year. While the doctor's charges apparently would not amount to $5,000, the jury could reasonably have decided that total future medical expenses necessitated by such drastic and uncertain surgery would reach that figure. Certainly the award was not so excessive that we would consider the trial judge's refusal to grant a motion for new trial on damages to have been an abuse of discretion. As no abuse of discretion in this regard is indicated, the damages must stand. Baker v. Dillon, 5th Cir. 1968, 389 F.2d 57; Rosiello v. Sellman, 5th Cir. 1965, 354 F.2d 219.

■ Finally, it is contended that the tral judge erred in disallowing challenges for cause directed at several prospective jurors who stated on *voir dire* that they had served as jurors within the last year. This specification of error requires an interpretation of the former statute 28 U.S.C. § 1869 which provided that

In any district court, a petit juror may be challenged on the ground that he has been summoned and attended such court as a petit juror at any session held within one year prior to the challenge.[2]

■ Relying on Calderon v. United States, 10th Cir. 1959, 269 F.2d 416, appellee argues that the statute is couched in the past tense and therefore does not authorize challenge for cause of prospective jurors who have served as jurors in the session of court in which the challenge is asserted, i. e., in the current session of court. In *Calderon*, the court held that the statute was not intended to provide a basis for excluding prospective jurors who have already served in "current term of court in which the challenge is asserted" but merely contemplated the exclu-

---

2. A March, 1968 amendment to 28 U.S.C. § 1869, which became effective 270 days after March 27, 1968, substituted provisions defining "clerk," "clerk of the court," "chief judge," "voter registration lists," "list of actual voters," "division," "district court," "jury wheel," "juror qualification form," and "public officer" for the provision allowing the challenge of a petit juror who had been summoned and attended court as a petit juror at any session held within one year prior to the challenge.

sion of jurors who served "at a previous term held within one year prior to the challenge." Thus, ten prospective jurors who had served in cases tried the preceding week were not subject to challenge for cause under 28 U.S.C. § 1869. We agree with this decision, not only because the statute is indeed couched in the past tense, but also because a broader construction making the statute applicable to jurors who have served in the current term would effectively prevent courts from using people called for jury duty in more than one case. It is more likely that Congress intended to provide a basis for excluding anyone who has served as a juror in cases tried during the immediately preceding term than it is that Congress intended to provide a basis for excluding anyone who has served as a juror in any case during the preceding year. We have found no decision to the contrary.

■■ Appellants point out, however, that in 1963, after *Calderon*, Congress amended the statute to substitute the word "session" for the word "term." Since this substitution was made and since the United States District Court for the Eastern District of Louisiana is in continuous session, appellants argue that the only possible meaning of the statute is that anyone who has served as a juror during the preceding year is subject to challenge for cause. Stated differently, the argument is that since there is no such thing as a "preceding term," the only possible interpretation of the statute is the one urged by appellants. Looking to the Reviser's Notes under 28 U.S.C. § 1869, we find the 1963 amendment explained as a mere change in phraseology. There is no evidence that Congress intended to overrule *Calderon* and thereby establish that anyone who has served as a juror in any case during the preceding year is subject to challenge for cause. In the absence of such evidence, we believe that *Calderon* is still viable and that the purpose of the statute, even after the 1963 amendment, was to provide a basis for excluding people who

served as jurors in cases during the immediately preceding session. Where the court is in continuous session, as in the Eastern District of Louisiana, the proper meaning of the statute is that anyone who served as a juror in cases during the previous calendar year is subject to challenge for cause if such service occurred within twelve months preceding the date on which the challenge is asserted. Thus, the prospective jurors challenged by appellants in the instant case were not properly subject to exclusion under the former 28 U.S.C. § 1869.

Affirmed.