Ramon **VIRAMONTES–MEDINA,**
Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 22837.

United States Court of Appeals
Ninth Circuit.

May 28, 1969.

As Amended June 16, 1969.

Peter B. Clarke (argued), San Diego, Cal., for appellant.

Phillip Johnson (argued), Asst. U. S. Atty., Edwin L. Miller, U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and VON DER HEYDT*, District Judge.

VON DER HEYDT, District Judge:

Appellant and a co-defendant were convicted of smuggling and concealing marijuana in violation of Title 21 U.S. C. § 176a (1964). On appeal, appellant contends that the following rulings of the trial court were in error:

1. The court refused to ask prospective jurors upon voir dire examination how many criminal cases they had heard in the previous six months, and what type these were.

2. Appellant was not permitted to challenge for cause jurors who had served on other cases within the previous year, but during the same term of court.

3. Appellant's motion for judgment of acquittal at the close of the prosecution's case based upon an alleged insufficiency of evidence, was denied.

4. The District Court severely limited appellant's cross-examination of co-defendant Leon, designed to discredit his testimony by showing that he was not, as he claimed, an impecunious welder, but a prosperous professional smuggler.

5. The court sentenced appellant without benefit of a presentence report.

Appellant recognizes that the case law does not favor him as to assignments of error one and two, *supra*. Bellard v. United States, 356 F.2d 437, 439 (5th Cir. 1966); Calderon v. United States, 269 F.2d 416, 417 (10th Cir. 1959). He urges, however, that we now adopt other principles for this Circuit. We decline to do so.

The law concerning motions for judgment of acquittal at the close of the prosecution's case is well settled. After denial of the motion, the accused's own evidence can corroborate the prosecution's case, United States v. Calderon, 348 U.S. 160, 164 n. 1, 75 S.Ct. 186, 99 L.Ed. 202 (1954). Error in the denial is waived by the introduction of such evidence. Benchwick v. United States, 297 F.2d 330, 335 (9th Cir. 1961). Thus, we find no error here.

We cannot find that appellant was prejudiced by failure of the trial court to order a presentence report. This is a matter within the sound discretion of the judge. The record indicates that appellant was sentenced to the minimum provided by law. See Fed.R.Crim.P. 32(c) (1).

There remains for consideration the District Court's limitation of appellant's cross-examination of co-defendant Leon. The extent of cross-examination is a matter largely within the discretion of the trial judge. We have examined the record on this point. The ruling of the District Court was rather peremptory,

---

* Hon. James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.

but we must conclude that the limitation was not so prejudicial as to rise to the level of an abuse of discretion.

The judgment is affirmed.