No. 50,067

STATE OF KANSAS, *Appellee,* v. KENNETH BLUE, *Appellant.*

(592 P.2d 897)

Opinion filed March 31, 1979.

*Paul D. Hogan,* of Wichita, argued the cause and was on the brief for the appellant.

*Robert J. Sandilos,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Kenneth Blue was convicted by a jury of aggravated sodomy, K.S.A. 21-3506(*a*), and rape, K.S.A. 21-3502(1)(*a*). He was sentenced to concurrent terms of not less than 6 years nor more than life, and not less than 4 nor more than 20 years. He appeals, contending that the trial court erred in overruling defendant's motion for judgment of acquittal; that K.S.A. 60-447a is violative of his Sixth Amendment right to confrontation and cross-examination; and that the trial court erred in failing to instruct on the lesser included crimes of sodomy and patronizing a prostitute.

At the close of the State's evidence, and again at the close of all of the evidence, the defendant moved for judgment of acquittal on the ground that the State had failed to prove one of the essential elements of the charge of rape: that the defendant and the prosecuting witness were not husband and wife. The trial court overruled the motion at the close of the State's evidence, holding that while there was no direct evidence of non-marriage, the evidence was sufficient for the jury to make such a finding. The defendant then proceeded to introduce evidence, and took

the witness stand in his own behalf. On cross-examination, he was asked if he was married to the prosecuting witness on the date of the alleged crimes; he replied that he was not. His motion at the close of the evidence was overruled.

K.S.A. 22-3419 provides in substance that the trial court on motion of a defendant shall order the entry of judgment of acquittal of one or more crimes charged in the information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such crime or crimes; and that if the motion made at the close of the State's evidence is not granted, the defendant may offer evidence without having reserved the right to do so. This section is substantially like Rule 29, F. R. Crim. Proc. The federal rule is discussed in 2 Wright, Federal Practice and Procedure: Crim. § 463 (1969), wherein it is said:

"[T]he introduction of evidence by defendant after his motion has been denied is a waiver of that motion. Accordingly even if the motion is renewed at the close of all the evidence, it is only the denial of the later motion that may be claimed as error, and the conviction will be affirmed, even though the prosecution may have failed to make a prima facie case, if the evidence for the defense supplied the defect, and the whole record is sufficient to sustain a conviction.

"This means that a defendant who believes that the government has failed to prove a prima facie case may have to choose between presenting no evidence, and gambling that he is right about this, or abandoning the point if his defense evidence will fill the gap in the proof. 'This may sometimes present the defendant with a hard choice,' one court has said 'but that is true in many situations which may confront litigants in the course of almost every trial, and provides no basis for exempting the defendant from the provisions of the rule.' "

Seven courts of appeals have held that a federal defendant who presents evidence in his behalf thereby waives any error in a prior denial of a motion for acquittal made at the close of the government's case. *United States v. Haskell,* 327 F.2d 281 (2d Cir. 1964); *United States v. Feldman,* 425 F.2d 688 (3d Cir. 1970); *United States v. Cashio,* 420 F.2d 1132 (5th Cir.), *cert. denied* 397 U.S. 1007 (1970); *United States v. Carabbia,* 381 F.2d 133 (6th Cir. 1967); *Cline v. United States,* 395 F.2d 138 (8th Cir. 1968); *Viramontes-Medina v. United States,* 411 F.2d 981 (9th Cir. 1969); *United States v. Greene,* 442 F.2d 1285 (10th Cir. 1971); *United States v. Guerrero,* 517 F.2d 528 (10th Cir. 1975). The Court of Appeals of the seventh and the District of Columbia circuits hold to the contrary. See *Maffei v. United States,* 406 U.S. 938, 32 L.Ed.2d 138, 92 S.Ct. 1789 (1972).

In the A.B.A. Project on Minimum Standards for Criminal

Justice, Standards relating to Trial by Jury, Approved Draft, 1968, we find this comment:

"[I]f the motion is denied, the defendant must decide whether to put in evidence and thus waive the right to appeal from the denial of the motion, or whether instead to introduce no evidence and preserve the right to appeal on this point. The former course does not bar the defendant from again moving for acquittal at the close of all the evidence, but at this time the court may properly consider evidence damaging to the defendant which may have come out during presentation of the defendant's case. Thus, an erroneous denial of the motion for acquittal made at the conclusion of the prosecutor's case may be cured by subsequent developments at the trial. Although it has been argued that this rule comes perilously close to compelling the defendant to incriminate himself, Note, 70 Yale L. J. 1151 [1961], the argument is not believed to be persuasive, and no deviation from the majority rule is recommended here." (pp. 107-108.)

The majority rule is just. If there is substantial evidence to support the conviction, whether that evidence was introduced by the State in its case in chief or during the defendant's presentation of his case is immaterial. The defendant should not be acquitted on the ground of insufficiency of the evidence if the evidence is in fact sufficient. We hold that a defendant who presents evidence in his or her behalf, after the trial court has overruled a motion for acquittal at the close of the prosecution's case, waives any error in the denial of the motion. If the motion for acquittal is renewed after the close of all of the evidence, the trial court should consider *all* of the evidence in ruling upon that motion.

In the case before us, there was sufficient evidence to establish that the defendant and the prosecuting witness were not husband and wife on the date of the alleged offenses. The motion for acquittal was therefore properly denied.

The trial court admitted evidence that the prosecuting witness was a prostitute, and that as such she had engaged in sexual relations with the defendant and with a codefendant some thirty days prior to November 1, 1977, the date on which the rape and aggravated sodomy were alleged to have occurred. The trial court refused to admit evidence of an oral statement made by the prosecuting witness to a police officer at the time defendant was arrested, in which she admitted acts of prostitution with other men in numerous cities over the United States. Defendant does not contend that the trial court abused its discretion in excluding that evidence; instead, he contends that the statute under which the court made its ruling, K.S.A. 60-447a, known as the Kansas Rape Shield Statute, is unconstitutional. He relies principally

upon *Davis v. Alaska,* 415 U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105 (1974).

K.S.A. 60-447a(1) reads as follows:

"Except as otherwise provided in subsection (2), in any prosecution for the crime of rape, as defined by K.S.A. 21-3502, or for aggravated assault with intent to commit rape, as provided in K.S.A. 21-3410, or for an attempt to commit rape, as provided in K.S.A. 21-3301, or for conspiracy to commit rape, as provided in K.S.A. 21-3302, evidence of the complaining witness' previous sexual conduct with any person including the defendant shall not be admissible, nor shall any reference be made thereto in the presence of the jury, except under the following conditions: A written motion by the defendant shall be made at least seven days before the commencement of the trial to the court to admit evidence or testimony concerning the previous sexual conduct of the complaining witness. The seven-day notice required herein may be waived by the court. The motion shall state the nature of such evidence or testimony and the relevancy thereof, and shall be accompanied by an affidavit in which an offer of proof of such previous sexual conduct of the complaining witness is stated. The court shall conduct a hearing on the motion in camera. At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the previous sexual conduct of the complaining witness is relevant and is not otherwise inadmissible as evidence, the court may make an order stating what evidence may be introduced by the defendant and the nature of the questions to be permitted. The defendant may then offer evidence and question witnesses in accordance with the order of the court."

The same issue was raised recently in the case of *In re Nichols,* 2 Kan. App. 2d 431, 580 P.2d 1370, *rev. denied* 224 Kan. clxxxvii (1978). In *Nichols,* the Court of Appeals examined the statute, the juvenile shield laws, and the doctrine of *Davis v. Alaska,* 415 U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105 (1974), and concluded that K.S.A. 60-447a was constitutional. The court said:

"The Kansas statute does not offend the constitutional guarantees afforded an accused by the Sixth Amendment. Although the defendant's interest in cross-examining witnesses against him and in presenting witnesses in his behalf is undeniably a fundamental one, the Sixth Amendment does not require that the defendant be permitted to introduce *all* the evidence he wishes or to cross-examine a witness against him in any manner he pleases. The defendant's Sixth Amendment rights are subject to the same evidentiary rules as all other evidence. The threshold question for the admissibility of evidence is *relevancy.* The Kansas statute does not undermine the defendant's right to present relevant evidence regarding the victim's prior sexual conduct. It only requires that there be a pretrial determination of the relevancy of that evidence. . . .

"Since the statute permits the admission of the evidence when it is truly relevant, excluding it only when and to the extent that it is irrelevant, the statute is constitutional. It is well suited to protecting the defendant's constitutional rights, the victim's interest in keeping her private life private, and the state's interest in

conducting rape trials without the obstruction of irrelevant and inflammatory evidence. The pretrial mechanism created by K.S.A. 60-447a for determining the relevance of such evidence is admirably suited to striking a balance between these conflicting interests." (pp. 434-435.)

We agree with the conclusion of the Court of Appeals, and hold the statute constitutional. In the case at hand, we have examined the proposed evidence in light of the issues in the case, and conclude that the trial court did not abuse its discretion in the ruling referred to above.

Finally, Blue contends that the trial court erred in failing to instruct on the lesser included crimes of sodomy and patronizing a prostitute. Our law requires a trial court to instruct the jury not only as to the crimes charged, but also as to all lesser crimes of which the accused might be found guilty under the charge and upon the evidence presented. K.S.A. 21-3107; *State v. White & Stewart,* 225 Kan. 87, 587 P.2d 1259 (1978).

The State's evidence was that the victim was forced to commit sodomy by and upon the defendant; defense evidence was that the victim consented to the doing of the act. The defendant and the victim were both adults. K.S.A. 21-3505 defines sodomy as "oral or anal copulation between persons who are not . . . consenting adult members of the opposite sex . . . ." Thus, if the victim consented, no offense was committed; if she did not consent, and the act was accomplished by force, the offense was aggravated sodomy, K.S.A. 21-3506.

The offense of patronizing a prostitute, K.S.A. 21-3515(1)(*b*) is defined as "[k]nowingly hiring a prostitute to engage in sexual intercourse or any unlawful sexual act." "Knowingly hiring a prostitute" is not an element of the crime of aggravated sodomy or of rape; it is not a lesser degree of those crimes, nor an attempt to commit either aggravated sodomy or rape or a lesser degree of either offense; and it is not a crime necessarily proved if rape or aggravated sodomy are proved. Clearly, the trial court did not err in refusing to instruct the jury on sodomy or on patronizing a prostitute.

The judgment is affirmed.

HERD, J., not participating.