No. 60,721

STATE OF KANSAS, *Appellee*, v. THEON COPES, JR., *Appellant*.

(772 P.2d 742)

Opinion filed April 14, 1989.

*Oneil Davis*, of Lewis & Davis, of Wichita, was on the brief for appellant.

*Debra L. Barnett*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Theon Copes, Jr. appeals his conviction of felony theft, K.S.A. 21-3701, claiming the district court erred by not hearing and granting his motion for judgment of acquittal at the close of the State's evidence. The Court of Appeals held that, although the trial court erred, the defendant had waived the error by subsequently participating in the cross-examination of the codefendant's witnesses. We granted Copes' petition for review.

The defendant, Theon Copes, Jr., (Jr.) and his father, Theon Copes (Sr.) were both charged with theft of four dies from Beech Aircraft Corporation on May 8, 1985. Sr. had retired from Beech

after seventeen years of employment and Jr. had also been employed at Beech for a brief period. The State's evidence is:

Four dies missing from a storage yard at Beech Aircraft were discovered at the Wichita Iron & Metal Company. Wichita Iron & Metal had purchased the missing dies from a salvage operator. The salvage operator testified that he had purchased the dies from Sr. for $5,950. Although Jr. was not present at the sale, Sr. had directed the salvage operator to make the check payable to Jr. The State's handwriting expert testified that even though the check was endorsed "Theon Copes, Jr.," Sr. had endorsed the check. No other evidence of Jr.'s participation in the alleged crime was presented by the State.

After the State rested and the trial judge had refused to hear Jr.'s motion for judgment of acquittal until the morning recess, Sr. waived his Fifth Amendment right and testified. Sr. stated that, after retiring from Beech, he entered the salvage business and had sold dies on several occasions. As to the sale in question, Jr. had asked him to help sell some dies Jr. "got from some fella in Salina." Sr. further stated that, after his son assured him that the dies were not stolen, he had sold them and obtained the check for Jr. At Jr.'s request, he endorsed the check by signing Jr.'s name and after cashing the check he gave the money to his son. On cross-examination by the State, Sr. testified he had sold Kirksite dies seven times for his son.

After the State cross-examined Sr., the court took a recess and then heard both defendants' motions for judgment of acquittal. The prosecutor for the State argued: (1) that Jr.'s name was on the check; (2) that Sr. had denied that he knew that the dies had been stolen; (3) that Sr. could not have taken the dies alone; and (4) that both men had worked for Beech. In ruling on Jr.'s motion for acquittal and after having considered both the State's evidence and Sr.'s testimony, the trial judge stated: "With respect to Theon Copes, Jr., I'll find that it's probably as skinny a case to submit to the jury as I've ever seen or ever will see but I'll overrule the motion."

Following the completion of Sr.'s testimony, Steve Mank, an assistant public defender originally appointed to defend Sr., testified on Sr.'s behalf. Mank stated that during his investigation of Sr.'s case, he had interviewed Jr. who had stated that (1) Sr. had no knowledge that the dies were stolen, and (2) Jr. had

duped his father into endorsing the check with Jr.'s name because Jr. had no identification. During cross-examination by Jr.'s attorney, Mank testified that he had incorrectly stated the date of his conversation with Jr. He also admitted that Jr. had never told him that the dies had been stolen. At the close of all the evidence, Jr.'s renewed motion for acquittal was denied by the trial court. Both men were found guilty of theft and their convictions were affirmed by the Court of Appeals. We granted Jr.'s petition for review.

The trial court on motion of a defendant may order the entry of judgment of acquittal of one or more crimes charged at the close of the evidence on either side. K.S.A. 22-3419. A trial judge passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion. If he concludes that guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion, and the defendant may offer evidence without having reserved the right to do so. *State v. Lawton*, 241 Kan. 140, 143, 734 P.2d 1138 (1987).

At the close of the State's case in chief the evidence, viewed in the light most favorable to the State, was:

Both father and son formerly worked at Beech, albeit the son worked in a different section of the plant and only for a short period of time. Jr. was not present during the sale of the Kirksite dies. The father asked that the check be made payable to the son, and the son's name was signed on the check. However, the State's expert witness testified the father had signed the son's name on the check.

After reviewing the State's evidence, the Court of Appeals found that the refusal of the trial judge to hear defense counsel's motion for judgment of acquittal at the proper time effectively allowed sufficient facts into evidence to deny Jr.'s subsequent motion for acquittal. If, as required by statute, the trial court had ruled on the motion at the close of the State's case, a reasonable jury could not have found guilt beyond a reasonable doubt. The Court of Appeals then stated, "That, however, is not the issue

before us" and reasoned that, although the trial court erred in denying the motion for acquittal, that error was waived by Jr.'s later cross-examination of witnesses called by his codefendant, citing *State v. Blue*, 225 Kan. 576, 592 P.2d 897 (1979), as authority.

In *State v. Blue*, after the trial court erred by denying the defendant's motion for acquittal at the close of the State's evidence, the defendant introduced evidence including his own testimony. There, we first noted that K.S.A. 22-3419 is similar to Fed. R. Crim. Proc. 29 and that seven of the federal circuit courts of appeal have held that a federal defendant waives any error in a prior denial of a motion for acquittal when he presents evidence in his behalf after the close of the government's case. *United States v. Guerrero*, 517 F.2d 528 (10th Cir. 1975); *United States v. Greene*, 442 F.2d 1285 (10th Cir. 1971); *United States v. Feldman*, 425 F.2d 688 (3d Cir. 1970); *United States v. Cashio*, 420 F.2d 1132 (5th Cir.), *cert. denied* 397 U.S. 1007 (1970); *Viramontes-Medina v. United States*, 411 F.2d 981 (9th Cir. 1969); *Cline v. United States*, 395 F.2d 138 (8th Cir. 1968); *United States v. Carabbia*, 381 F.2d 133 (6th Cir. 1967); *United States v. Haskell*, 327 F.2d 281 (2d Cir. 1964). Only the Courts of Appeal for the Seventh and District of Columbia circuits hold to the contrary. See *Maffei v. United States*, 406 U.S. 938, 32 L. Ed. 2d 138, 92 S. Ct. 1789 (1972). In addition, the A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury (Approved Draft 1968) reached the same conclusion.

We then agreed with the majority of the federal circuit courts that a conviction should be affirmed if based upon substantial supporting evidence, whether that evidence was introduced by the State in its case in chief or during the defendant's presentation of his case. An accused should not be acquitted on the ground of insufficiency of the evidence if the evidence was, in fact, sufficient. A defendant who presents evidence in his behalf, after the trial court has denied a motion for acquittal at the close of the prosecution's case, waives any error in the denial of the motion. If the motion for acquittal is renewed after the close of all of the evidence, the trial court should consider *all* of the evidence in ruling upon that motion. By choosing to present evidence and testify in his own behalf, Blue had waived his right

to challenge the denial of his motion for acquittal made at the close of the State's evidence. 225 Kan. at 577-78.

*Blue*, however, does not address our issue. Here, after the trial judge refused to hear the defendant's motion for judgment of acquittal at the close of the State's evidence, the defendant did not present any evidence, but only cross-examined his codefendant's witness.

In spite of our statement in *Blue* that K.S.A. 22-3419 is similar to Fed. R. Crim. Proc. 29, the Court of Appeals determined that "[t]he federal rule is distinguishable from our statute and, thus, federal cases are not persuasive." The Court of Appeals then recognized that authority on this issue conflicts. It noted that in *State v. DiNunno*, 67 N.C. App. 316, 313 S.E.2d 3 (1984), the North Carolina Court of Appeals failed to find waiver of a motion for acquittal where the defendant cross-examined a witness for his codefendant. In construing a statute providing that a defendant who "introduces evidence" waives any motion for dismissal made prior to the introduction of the evidence, that court held that the cross-examination which occurred did not constitute an "introduction of evidence" within the meaning of the statute because the defendant had not attempted to elicit substantive evidence beneficial to himself. 67 N. C. App. at 319.

A contrary result was reached in *Mathis v. State*, 590 S.W.2d 449 (Tenn. 1979). In *Mathis*, after the trial court had taken under advisement Mathis' motion for acquittal made at the close of the State's evidence, defense counsel participated in the cross-examination of Mathis' codefendant. The Supreme Court of Tennessee held that, although the trial court had erred by not ruling on the motion at the time it was made, the error was waived when Mathis elected to cross-examine his codefendant. The court reasoned that, when the trial court either overrules or does not act upon a motion for an acquittal made at the conclusion of the State's proof, counsel must then and there take affirmative action to confine the controversy to the proof already presented if he or she is convinced as to the validity of the motion. Counsel should announce that the defendant stands on his motion, disclaims any benefit of any evidence introduced by his codefendant, disavows any detriment, and will present no proof. Counsel should state that the evidence presented by the codefendant will not be binding upon the defendant and he should participate no

further in the trial until after the conclusion of all the proof. See *Pikeville Fuel Co. et al. v. Marsh,* 34 Tenn. App. 82, 232 S.W.2d 789 (1948).

After reviewing *Mathis,* the Court of Appeals determined that, in *Blue,* we had created a "bright line" test that binds the defendant to all evidence admitted during the trial if he decides to participate in the trial after the denial of a motion for judgment of acquittal. It then ruled that, even though the trial judge had erred by failing to hear the defendant's motion for judgment of acquittal at the close of the State's evidence, the defendant had waived that error by cross-examining his codefendant and the codefendant's witnesses.

The Court of Appeals did not address a major difference between *Mathis* and this case. In *Mathis,* the Supreme Court of Tennessee was influenced by the fact that the cross-examination by the defense attorney elicited information crucial to the defense. Here, no such information was adduced.

The best reason against the extension of our waiver rule in *Blue* to cross-examination of a codefendant and the codefendant's witnesses is stated by the Fifth Circuit in *United States v. Belt,* 574 F.2d 1234 (5th Cir. 1978), where the court interpreted Fed. R. Crim. Proc. 29. In *Belt,* the defendant moved for a judgment of acquittal after the close of the government's case. After the motion was denied, the defendant rested. Belt's codefendant then took the stand and also called character witnesses. As in our case, the testimony of Belt's codefendant tended to implicate Belt as well as supply some of the deficiencies in the State's case. Belt's attorney cross-examined the codefendant and called two rebuttal witnesses.

In reviewing the waiver doctrine, the Fifth Circuit held that it would look only to the evidence in the government's case if the defendant does not introduce evidence after moving for a judgment of acquittal at the close of the government's case. If the defendant introduces evidence after moving for a judgment of acquittal, and at the close of all the evidence moves again for a judgment of acquittal, the court stated that it would examine the entire record. Under the circumstances, Belt did not forego appellate review of his mid-trial motion for judgment of acquittal by cross-examining his codefendant and calling witnesses to rebut the codefendant's testimony.

The *Belt* court stated that the waiver doctrine is not mere formalism, but an expression of our adversary justice system which requires a defendant to accept the risks of adverse testimony which he introduces. The doctrine's operative principle is not so much that the defendant offering testimony "waives" his earlier motion but that, if he presents the testimony of himself or of others and asks the jury to evaluate his credibility (and that of his witnesses) against the State's case, he cannot insulate himself from the risk that the evidence will be favorable to the State. Requiring the defendant to accept the consequences of his decision to directly challenge the State's case affirms the adversary process. In a joint trial, the decision of a codefendant to testify and produce witnesses is not subject to the control of either the State or the other defendant. Belt engaged in cross-examination and produced testimony solely because of his codefendant's testimony and directed his efforts to refuting that testimony. He did not attempt to refute any element of the proof adduced in the State's case.

We agree that allowing the defendant to cross-examine and rebut the codefendant's witnesses, if confined to the substance and credibility of their testimony, vindicates the statutory requirement of the State to prove its charge and does no violence to the waiver doctrine. To deny a jointly tried defendant the benefit of his prior motion for judgment of acquittal because he cross-examines and rebuts the codefendant's evidence erodes the requirement that the State prove every element of the charge against the accused. Without such a rule in a joint trial, after an accused has been denied his statutory right to test the sufficiency of the State's evidence by motion for judgment of acquittal, the State would be allowed to rely on a testifying codefendant to supply missing evidence to convict the defendant. Where the accused only cross-examines the State's witnesses, cross-examines codefendant's witnesses, and presents testimony aimed at vitiating the inculpatory testimony given by the codefendant, the adversarial purpose of the waiver doctrine is left untouched.

The Court of Appeals has already determined that, if the trial court had ruled on the defendant's motion at the close of the State's evidence as required by statute, a reasonable jury could not have found guilt beyond a reasonable doubt. We must examine defense counsel's cross-examination of the codefendant's

witnesses to determine whether the cross-examination was confined to the substance and credibility of their testimony. During the cross-examination of the codefendant's witnesses, the defendant made no attempt to refute any elements of proof adduced in the State's case. In the brief cross-examination of Sr.'s witnesses, the defense elicited: (1) that other employees of Beech occasionally sold items out of the storage yard, (2) that Jr. had not admitted to Mank that he had committed the crime, and (3) that Mank was mistaken as to the date of his conversation with the defendant.

The defendant's cross-examination was confined to the substance and credibility of the codefendant's witnesses. The defendant did not present evidence to refute any element of proof adduced in the State's case.

The Court of Appeals' application of the waiver doctrine is reversed. The Court of Appeals' determination that the trial judge had erred in denying the defendant's motion for judgment of acquittal at the close of the State's evidence is affirmed. The judgment of the district court is reversed.

SIX, J., not participating.