**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TYRON L. HARDAWAY,

Petitioner-Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility;
ATTORNEY GENERAL OF
KANSAS,

Respondents-Appellees.

No. 04-3365

District of Kansas

(D.C. No. 03-CV-3438-MLB)

**ORDER** *

Before **SEYMOUR, HARTZ** , and **McCONNELL** , Circuit Judges.

Tyron L. Hardaway, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Hardaway has failed to make "a substantial showing of the denial of a constitutional right," we DENY his request for a COA, and we DISMISS the appeal. 28 U.S.C. § 2253(c)(2).

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background and Procedural History

In 1997 Mr. Hardaway was charged with one count of rape in violation of Kansas law. Kan. Stat. Ann. § 21-3502(a)(1)(C). The statute upon which Mr. Hardaway was charged defines rape as sexual intercourse with a person who does not consent under circumstances "when the victim is incapable of giving consent because of mental deficiency . . . which condition was known by the offender or was reasonably apparent to the offender." *Id.* Prior to trial, Mr. Hardaway moved pursuant to the Kansas rape shield statute to allow evidence and testimony regarding the alleged victim's prior sexual conduct so as to establish her ability to give consent. *See* Kan. Stat. Ann. § 21-3525. The trial court refused. After a jury trial, Mr. Hardaway was convicted and sentenced to a term of 146 months in the Kansas Department of Corrections. Mr. Hardaway's conviction was affirmed on appeal, and the Kansas Supreme Court denied review.

On November 17, 2003, Mr. Hardaway filed for federal habeas relief pursuant to § 2254. Mr. Hardaway asserted that he was denied: (1) his Sixth Amendment right to confront and cross-examine witnesses; (2) his Sixth Amendment right to present a defense; (3) his Fourteenth Amendment right to due process because he was convicted on the basis of insufficient evidence, and (4) his Sixth Amendment right to effective assistance of trial and appellate counsel.

The district court denied Mr. Hardaway's petition and this application for a COA followed.

**II. Discussion**

A COA may issue " only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

On appeal Mr. Hardaway raises three issues. First, he claims that the limitations placed upon the testimony of his expert witness concerning the victim's prior sexual conduct pursuant to the rape shield law denied him his Sixth Amendment right to present a defense. Because the state court adjudicated this claim on the merits, we decide whether the state court's application of the Kansas rape shield statute was "contrary to" or an "unreasonable application of" the Supreme Court's Sixth Amendment jurisprudence. 28 U.S.C. 2254(d)(1).

The right to present a defense is not unlimited. *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973). The right must bow to "other legitimate interests in the criminal trial process." *Id*. The Supreme Court has held that rape shield statutes

similar to the one used in Kansas are not per se violations of the Sixth Amendment. *Michigan v. Lucas*, 500 U.S. 145, 151-53 (1991). The Kansas Supreme Court has found the Kansas rape shield statute constitutional, specifically finding that because the statute allows the admission of relevant evidence, the application of the statute does not violate an accused's right to present a defense. *State v. Blue*, 592 P.2d 897, 901 (1979).

As the district court noted, Mr. Hardaway had an opportunity to testify regarding the events of the day leading up to the rape, to argue the victim's ability to consent, and to cross-examine witnesses regarding the events of the day. Mr. Hardaway's defense expert was allowed to testify and was only limited in his testimony regarding the victim's previous sexual experiences. Mr. Hardaway has not demonstrated that the state court's decision denied him his Sixth Amendment rights. Accordingly, this claim fails.

Mr. Hardaway's second claim is that the evidence presented at trial was insufficient to support the conviction for rape. When making a claim for insufficiency of evidence, habeas relief may be granted only if no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we are limited to determining whether the Kansas Court of Appeals reasonably applied the *Jackson* standard for

this claim. *Spears v. Mullin*, 343 F.3d 1215, 1238 (10th Cir. 2003). The Kansas Court of Appeals determined that reasonable minds could decide that the victim was incapable of giving consent because of mental deficiency. *State v. Hardaway*, No. 80,421 (Kan. Ct. App. Dec. 10, 1999). We agree with the district court's assessment that the Kansas Court of Appeals properly analyzed whether the evidence was sufficient to sustain a guilty verdict. Consequently, this claim must fail.

Mr. Hardaway's final claim is that he is actually innocent of the charge upon which he was convicted and sentenced. "[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of a writ of habeas corpus." *LaFevers v. Gibson*, 238 F.3d 1263, 1265, n.4 (10th Cir. 2001). Mr. Hardaway's claim of innocence cannot be construed as anything other than "standing alone," and must therefore be rejected.

Accordingly, we **DENY** Tyron Hardaway's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Patrick Fisher, Clerk

-5-