NOT DESIGNATED FOR PUBLICATION

No. 118,952

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA SCOTT LANE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kearny District Court; RICHARD H. HODSON, judge. Opinion filed April 19, 2019. Affirmed.

*William A. Wright*, of Garden City, for appellant.

*Kenny Estes*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., BUSER and STANDRIDGE, JJ.

LEBEN, J.: Joshua Scott Lane appeals his conviction of domestic battery. He argues that the district court improperly granted a continuance of the trial to the State and that the State failed to present evidence on a key fact necessary to convict him.

But the trial court has broad discretion to grant continuances, and the one granted here was for only about two hours so that the victim would be present to testify. And evidence of the key fact—that the victim was 18 or older—was presented in Lane's own testimony. We find no error and affirm the district court's judgment.

Most of the facts do not relate to the issues on appeal (and the parties are familiar with them), so we will set out only enough facts to give the reader a general understanding of the case. Law-enforcement officers came to Lane's home after Maegan Rodriguez, who lived there with Lane, called to report a disturbance. After investigation, the State charged Lane with domestic battery.

Lane pleaded not guilty, and the case was set for trial to the court on a Wednesday morning at 9 a.m. When the court called the case, the prosecutor said he had only served the subpoena on Rodriguez the night before. The prosecutor said that although the subpoena had been prepared earlier, a "glitch" in the electronic-filing system had caused the late delivery of the subpoena to Rodriguez. The prosecutor asked for a delay to allow Rodriguez to appear. In answer to a question from the court, the prosecutor estimated that Rodriguez would arrive by 10:45 a.m.

Lane's attorney objected to any continuance, saying it would be "extremely prejudicial" to Lane. But the court granted a continuance to 11 a.m. (or when Rodriguez arrived if that happened sooner). The trial began later that morning and ended after three witnesses had testified—the State called Rodriguez and a law-enforcement officer; Lane testified in his own defense.

The officer, Sergeant Michael Fontenot of the Kearny County Sheriff's Department, testified that Rodriguez had told him at the scene that Lane had withheld her Percocet medication, flipped over a coffee table, and then held her down on a couch with his arm across her neck while arguing with her. He said that Lane denied having had physical contact with Rodriguez during their argument that morning.

Rodriguez generally reiterated the description of the incident she had given that day to Fontenot, though she said she didn't "remember every single little detail."

2

After the State had presented its case, Lane's attorney moved for acquittal, arguing that the evidence did not establish that Lane had "battered, touched, [or] hurt [Rodriguez] in any way." The district court denied that motion.

Lane then testified. He said he had been regulating Rodriguez' access to the Percocet under an agreement with her and that he had confronted her that morning about some missing pills. Lane admitted to flipping over the coffee table, sending "pills . . . flying off the table" and leading Rodriguez to "tackle[ him] to get to the pills." But he denied holding her down or hitting her in any way. On cross-examination, the State asked whether Rodriguez was a grown adult and over the age of 18. Lane agreed that she was.

The district court found Lane guilty of domestic battery. It sentenced him to 12 months of probation with an underlying 6-month jail sentence to be served if Lane didn't successfully complete his probation. Lane then appealed to our court.

Lane's first claim is his objection to the district court's decision to delay the start of the trial by up to two hours so that the complaining witness could be heard. We review the grant or denial of a continuance only for abuse of discretion. *State v. Burnett*, 300 Kan. 419, 436, 329 P.3d 1169 (2014). And unless the decision was made based on a factual or legal error (neither of which is claimed here), we reverse the discretionary decision only if no reasonable person would agree with it. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

That's simply not the case here. The court delayed the proceeding a short time to allow the victim of a domestic battery to be heard. While Lane complains that this prejudiced him, the only prejudice he suffered was having to defend the case on its merits rather than winning by default. And though he suggests the court should have conducted an inquiry into the prosecutor's claim of a computer "glitch" as the explanation for the late service of the subpoena on Rodriguez, that too is a discretionary call for the trial

3

judge. The trial judge may have had his own experience with that computer system or may have known that the prosecutor has a good reputation for diligent trial preparation. We will not second-guess the extent of the inquiry made here in deciding to continue the start of the trial by up to two hours.

Lane's second claim is that the evidence wasn't sufficient to convict him. He did not raise that claim at trial, but a defendant may challenge the sufficiency of the evidence for the first time on appeal. *State v. Farmer*, 285 Kan. 541, 545, 175 P.3d 221 (2008). Lane raises a single point about evidence sufficiency—that the State didn't present sufficient evidence "to show that the alleged victim was over the age of 18." One of the elements of the domestic-battery charge against Lane was that the victim was 18 years old or older. See K.S.A. 2018 Supp. 21-5414(a)(2), (b)(1), (e)(2).

But the State points out that although Rodriguez' age wasn't directly mentioned when the State presented its witnesses, Lane agreed when he testified that Rodriguez was a grown woman and over 18. That's sufficient evidence to convict.

Lane suggests—but does not support—another argument. After claiming that the State's evidence wasn't sufficient to prove that Rodriguez was 18 or older, he also argues that "the district court erred when it denied the original motion for judgment of acquittal." But the basis for Lane's motion for judgment of acquittal wasn't related to some failure to prove Rodriguez' age. It was that the evidence did not establish that Lane had "battered, touched, [or] hurt [Rodriguez] in any way." The district court properly denied that motion.

Even if Lane had moved for judgment of acquittal on the basis that he now argues—the failure to prove Rodriguez' age—he could not raise a claim on appeal about the denial of that motion. In *State v. Copes*, 244 Kan. 604, 607, 772 P.2d 742 (1989), the Kansas Supreme Court held that when a defendant unsuccessfully moves for judgment of

4

acquittal at the close of the State's evidence and, after denial, proceeds with defense evidence, that waives the right to challenge any error in the denial of the motion. On a motion for judgment of acquittal at the close of all evidence, the court considers all the evidence presented, not just what the State presented in its case. See *State v. Vap*, No. 111,798, 2015 WL 4716309, at *5-6 (Kan. App. 2015) (unpublished opinion). While *Copes* recognizes some limited exceptions to this rule (concerning rebuttal testimony related to a codefendant), none apply here.

We note that Lane did not renew his motion for judgment of acquittal at the close of all the evidence. That doesn't prevent him from challenging the sufficiency of the evidence; Kansas courts allow a defendant to challenge the sufficiency of the evidence on appeal even if that issue wasn't raised at trial. *Farmer*, 285 Kan. at 545. But Lane cannot get review on appeal solely based on the evidence presented in the State's case; we must consider all the evidence presented at trial.

So Lane's motion for judgment of acquittal wasn't based on the claim he now makes on appeal. Even if it had been, after that motion was denied, he chose to present his own testimony at trial. That effectively waived his right to challenge on appeal the initial denial of the motion. See *State v. Blue*, 225 Kan. 576, 578, 592 P.2d 897 (1979).

We affirm the district court's judgment.