NOT DESIGNATED FOR PUBLICATION

No. 120,400

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of A.F.

MEMORANDUM OPINION

Appeal from Harvey District Court; STEPHEN A. HILGERS, judge. Opinion filed May 31, 2019. Affirmed.

*Donald R. Snapp*, of Newton, for appellant.

*Julianne N. Burton*, assistant county attorney, for appellee.

Before MALONE, P.J., SCHROEDER, J., and MCANANY, S.J.

PER CURIAM:  A.F. appeals his juvenile adjudication of one count of making a criminal threat. A.F.'s only claim on appeal is that the district court erred in denying his motion for judgment of acquittal because the State failed to identify him as the person who made the threat. Finding no error, we affirm the district court's judgment.

FACTS

On May 1, 2018, the State charged A.F. under K.S.A. 2018 Supp. 38-2327 and K.S.A. 2018 Supp. 38-2328 with one count of making a criminal threat. The district court held a bench trial on August 13, 2018. The State called the victim, M.C., as its only witness. On direct examination, M.C. testified that his stepdaughter, E.Z., had been receiving calls from A.F. through her Facebook Messenger. M.C. testified that he called A.F. to try to get him to stop making the calls but there was no answer. Soon thereafter,

1

E.Z.'s phone rang and M.C. answered it. A.F.'s Facebook photo appeared on the phone, revealing a Facebook Messenger call from A.F.

M.C. testified that he identified himself as E.Z.'s father and he told the caller to quit contacting E.Z. on Facebook or he would press charges for harassment. M.C. testified he heard laughter and three male voices. He testified that the caller said "[s]omething about coming over with their boys and shooting up my house." M.C. then ended the Facebook call and called the police. When asked how he knew the caller was A.F., he testified that the caller had identified himself by name. He also believed A.F.'s brother was present when A.F. called because the brother spoke as well.

On cross-examination, M.C. testified to having heard three male voices on the other end of the call. He said he knew he was speaking to A.F. because the call came from A.F.'s Facebook page. M.C. said he knew A.F.'s brother was there because the brother also identified himself, however, he did not know the identity of the third voice. M.C. testified to telling the investigating police officer that the exact statement he perceived as a threat was, "[expletive], we will roll deep and shoot up your house."

After the State rested its case, A.F. moved for a judgment of acquittal for failure to "identify the defendant." In support of his motion, A.F. argued that the evidence merely showed "that some call or something of that nature was sent by three unknown voices." The State disagreed with this justification by citing M.C.'s testimony that he knew A.F. was the caller because A.F. attended school with his stepdaughter, he stated that a male voice spoke to him using A.F.'s Facebook Messenger to call, the phone showed a picture of A.F., the individual he spoke to identified himself as A.F., and A.F.'s brother also identified himself. The district court denied the motion for judgment of acquittal.

A.F. then testified on his own behalf. A.F. testified that he called E.Z.'s mother because he believed E.Z. wanted to commit suicide and he wanted to let her know. He

testified there was no third person in the room when he spoke to M.C., and only he and his brother spoke on the phone. A.F. testified that he did not identify himself during the phone call. A.F. also testified that M.C. threatened to harm him during the phone call. When asked directly whether he threatened M.C. and if he threatened to shoot up his house, A.F. said no. A.F. then called E.Z. to testify and, when asked if she had communicated to A.F. that she wanted to harm herself, she testified: "I don't really remember, but I probably have."

A.F. did not renew his motion for judgment of acquittal after the evidence. The district court found A.F. guilty as charged, specifically finding that it did not believe A.F.'s testimony. On October 15, 2018, the district court placed A.F. on probation for nine months. A.F. timely appealed the district court's judgment.

ANALYSIS

The only issue A.F. raises on appeal is that the district court erred in denying his motion for judgment of acquittal at the close of the State's case. The State argues that the district court did not err in denying the motion because the evidence showed that M.C. identified A.F. as the caller who made the criminal threat.

In reviewing a district court's decision to deny a defendant's motion for a judgment of acquittal, the appellate court will consider all the evidence in the light most favorable to the State and determine if a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Llamas*, 298 Kan. 246, 254, 311 P.3d 399 (2013). In doing so, an appellate court does not reweigh the evidence, assess the credibility of witnesses, or resolve conflicting evidence. 298 Kan. at 254. This standard of review mirrors the appellate court's standard for sufficiency of the evidence:

"'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

A verdict may be supported by circumstantial evidence if it provides a basis for a reasonable inference by the fact-finder about the fact in issue. Circumstantial evidence, to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016); see also *In re J.A.B.*, 31 Kan. App. 2d 1017, 1022, 77 P.3d 156 (2003) (standard for juvenile offender adjudications).

To begin with we note that when a defendant unsuccessfully moves for judgment of acquittal at the close of the State's evidence and then offers evidence on his or her own behalf, the defendant waives any error in denial of the motion. If the motion is renewed at the close of the evidence, that motion is reviewable for the sufficiency of all evidence presented. *State v. Copes*, 244 Kan. 604, 607, 772 P.2d 742 (1989). But the defendant does not waive the issue when he or she presents only rebuttal evidence that is limited to the substance and credibility of the testimony of the State's witnesses and does not try to refute any elements of proof adduced in the State's case. 244 Kan. at 610.

Here, A.F.'s evidence directly addressed the element at issue, whether he made a threat to M.C. When directly asked if he ever threatened M.C., A.F. said, "no." A.F.'s testimony removed any doubt that he was the person who made the Facebook call, and the only issue A.F. challenged through his testimony is whether he threatened M.C.

The waiver doctrine exists for just this type of circumstance. It affirms the adversary process by requiring a defendant to accept the consequences of his or her decision to challenge directly the State's case. *Copes*, 244 Kan. at 610. If a defendant

4

presents evidence and asks the fact-finder to evaluate his or her credibility (and that of witnesses) against the State's case, then the defendant cannot insulate himself or herself from the risk that the evidence will be favorable to the State. 244 Kan. at 610. Thus, the defendant must renew his or her motion for judgment of acquittal at the end of all evidence to be able to raise the denial as error on appeal. 244 Kan. 604, Syl. ¶ 1.

In finding A.F. guilty at the close of his trial, the district court explicitly stated it did not believe his testimony. By asking this court to review only the denial of his motion for acquittal at the close of the State's evidence, A.F. tries to insulate himself from his own testimony, which in retrospect proved unfavorable to his case. As a result, we find that A.F. has waived the only issue he brings in this appeal.

Despite the waiver, we will briefly address the merits of A.F.'s appeal. To find A.F. guilty of making a criminal threat as alleged in the complaint, the district court had to find that A.F. "did unlawfully and feloniously communicate a threat to commit violence, with the intent to place another in fear, to-wit: [M.C.], or with reckless disregard of the risk of causing such fear." See also K.S.A. 2018 Supp. 21-5415(a)(1). A.F. moved for judgment of acquittal because he claimed that M.C. failed to identify him as the person who made the alleged threat.

The evidence contradicts A.F.'s claim. M.C. testified that the call in which he was threatened came through a Facebook application that showed A.F.'s photo on the phone he answered. M.C. testified to hearing three voices on the other end of the phone call, and he testified that A.F. identified himself along with A.F.'s older brother. Viewing the evidence in the light most favorable to the State, there was sufficient circumstantial evidence in the State's case-in-chief to support M.C.'s identification of A.F. and the elements of the criminal threat. To accept A.F.'s claim would amount to a reweighing of the credibility of M.C.'s testimony, something this court will not do. See *Llamas*, 298

5

Kan. at 254. A.F.'s claim on appeal fails on its merits and, as a result, we affirm the district court's judgment.

Affirmed.